D. M. OLIVER, Appellant, v. W. R. BEARD, Respondent.

Kansas City Court of Appeals, November 22, 1897.

Estoppel: VENDOR: LANDLORD AND TENANT: SILENCE. Where an apparent vendor of land knows of a lease by his vendee and the terms thereof and permits the tenant, with full knowledge, to occupy the premises and treat the vendee as landlord without laying any claim or making objection, he will be estopped by his silence from collecting rent from such tenant.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*Chas. E. Morrow* for appellant.

(1) There was no evidence tending to prove an estoppel. (2) "All of the following elements must actually or presumably be present in order to an estoppel by conduct. *First.* There must have been a false representation or a concealment of material facts. *Second.* The representations must have been made with knowledge of the facts. *Third.* The party to whom it was made must have been ignorant of the truth of the matter. *Fourth.* It must have been made with the intention that the other party should act upon it. *Fifth.* The other party must have been induced to act upon it." *Blodgett v. Perry,* 97 Mo. 263; Bigelow on Estoppel [3 Ed.], 484–490, 491; *Dezell v. Odell,* 3 Hill, 215. (3) The last two instructions ignore the fourth and fifth elements, which are absolutely necessary to constitute an estoppel *in pais.* There must be an intention to deceive, or gross negligence. It must have been made willfully, that is, with the intention that

the other party should act upon it. *Blodgett v. Perry*, *supra; DeBerry v. Wheeler*, 128 Mo. 84, *loc. cit.* 90; *Burke v. Adams*, 80 Mo. 504, *loc. cit.* 514; Bigelow on Estoppel, 480; Herman on Estoppel and Res Adjudicata, secs. 785, 787, 788, 792, and authorities cited; *Pickard v. Sears*, 6 Ad. & Ell. 496; *Plummer v Lord*, 9 Allen (91 Mass.), 455; *Turner v. Coffin*, 12 Allen (94 Mass.), 401; *Kuhl v. Jersey City*, 8 C. E. Green (23 N. J. Eq.) 84; *Canal Co. v. Hathaway*, 8 Wend. 480; *Olis v. Sell*, 8 Barb. 102; *Wilcox v. Howell*, 44 N. Y. 398; *Andrews v. Lyons*, 2 Allen (93 Mass.), 349; *Boggs v. Mining Co.*, 14 Cal. 368; *Wheaton v. Ins. Co.*, 76 Cal. 415; *Rosenthal v. Jenkins*, 67 Mo. App. 295, *loc. cit.* 298; *Gentry v. Gentry*, 122 Mo. 202, *loc. cit.* 221: *Stagg v. Linnenfelser*, 59 Mo. 336; *Bales v. Perry*, 51 Mo. 449, *loc. cit.* 453; *Audenried v. Betteley*, 5 Allen (87 Mass.), 382, 385; *Henshaw v. Bissell*, 18 Wall. 271; *Cowles v. Bacon*, 21 Conn. 451; *Caldwell v. Anger*, 4 Minn. 217; *Drew v. Kimball*, 43 N. H. 282; *Rubber Co. v. Rathery*, 107 N. Y. 310. (4) All the instructions ignore the fifth element of estoppel. Herman on Estoppel & Res Adjudicata, secs. 787, 789, 790, 791, 792. *Brusley v. Hamilton*, 15 Pick. 40; *Wilder v. St. Paul*, 12 Minn. 192; *Combs v. Cooper*, 5 Minn. 254; *Miller v. Cresson*, 5 W. & S. 284.

*Robertson & Caudle* for respondent.

(1) Where a party by his acts or words induces another to believe in the existence of a certain state of things and to act upon that belief so as to alter his previous condition, he will be estopped from averring to the contrary against the party so altering his condition. *Chateau v. Goddin*, 39 Mo. 229; *Darrell v. Odell*, 3 Hill, 219; *Taylor & Mason v. Zepp*, 14 Mo. 482; *Newman v. Hook*, 37 Mo. 208; *Campbell v. Johnson*, 44

Mo. 248; *Bunce v. Beck*, 46 Mo. 327; *Brice v. Bunce*, 49 Mo. 231; *Moore v. Bank*, 52 Mo. 377; *Monks v. Belden*, 80 Mo. 639; *Bank v. Frame*, 112 Mo. 502; *Dodd v. Lee*, 57 Mo. App. 167; *Pelkington v. Ins. Co.*, 55 Mo. 172; Bigelow on Estoppel [3 Ed.], 476; *Pickard v. Sears*, 6 Ad. & E. 469; *Gregg v. Wells*, 10 Ad. & E. 98; *Norris v. Ins. Co.*, 65 Mo. App. 632; *Ingals v. Ferguson*, 59 Mo. App. 299; *McNichols v. Wise*, 62 Mo. App. 443; *Boles v. Bennington*, 136 Mo. 522; *Niven v. Belknap*, 2 Johns. 588; 1 Story, Eq. Jur. [13 Ed.], secs. 385, 387; *Wendell v. Van Rensselaer*, 1 Johns. Ch. 344; *Storrs v. Barker*, 6 Johns. Ch. 166; *Guffey v. O'Reiley*, 88 Mo. 418. (2) The mere fact that appellant's deed under which he claims the land was spread upon the records, did not justify him in making statements aud doing acts calculated to mislead respondent, and the fact that such deed was of record should not in this case deprive respondent of his defense of estoppel. *Olden v. Hendrick*, 100 Mo. 533.

ELLISON, J.—This action is to recover $120 cash rent of eighty acres of land, which defendant occupied as a tenant. It was removed by *certiorari* to the circuit court. In the latter court plaintiff took out an attachment in aid. Defendant prevailed in the trial court, both on the plea in abatement and the merits.

Plaintiff claims that he was the owner of the land and that defendant was his subtenant, he, plaintiff, having rented the land to one Ousler and the latter STATEMENT. renting to defendant. Defendant's claim is in substance that while plaintiff may in fact be the owner of the land, yet he, by his conduct, led defendant to believe that Ousler was the owner and that he, plaintiff, had no interest in it.

The evidence in defendant's behalf tended to show, and in view of the verdict of the jury we must assume did show, that plaintiff sold the land to Ousler and put him in possession, though it does not appear that he made him a deed, and it may be stated that he did not; that Ousler rented the land to defendant, that after agreeing on terms they met at plaintiff's house to have him draw up a written contract of renting; that plaintiff declined to draw up the contract on the ground that he did not know how to do so, or was not qualified, and that they would have to get someone else; that the terms were talked over in plaintiff's presence, and that he never said or intimated that he was the owner or that Ousler had no right to rent it. The terms of the contract were the next day reduced to writing by another party and signed by Ousler and defendant; that defendant took possession, raised a crop and cleared up three acres and one half of new ground as agreed in his contract; that plaintiff lived within a quarter of a mile of the land and never objected to the renting or defendant's occupancy, and never claimed any interest therein, though he saw him almost daily until the crop was matured. There was other evidence having a strong tendency to show that plaintiff had made a verbal sale of the land and had put Ousler in possession and had received some money on the contract.

The terms of the contract reduced to writing between defendant and Ousler were that defendant was to render to Ousler one half of the crop raised on the old ground and was to clear three acres and a half of new ground and render one half of the fodder in the shock to Ousler.

The trial court was of the opinion that the evidence in behalf of defendant tended to prove an estoppel against plaintiff, and gave instructions for defend-

ESTOPPEL: vendor: landlord and tenant: silence. ant on that theory. This is the principal complaint here. Plaintiff's contention is that the facts to which we have alluded had no tendency to prove an estoppel. He has cited a great number of authorities on the general subject, but as in our opinion the court's action was so clearly right we will not go into an examination of them since it could serve no useful purpose. There is a familiar and often quoted rule of estoppel by *silence* which is applicable to this case. It is frequently stated in this way: That he who does not speak when he should, will not be permitted to speak when he would. In this case there was ample proof of plaintiff's silence, when in good faith he should have spoken out and made the claim which he now seeks to set up. We have nothing to do with the propriety of the verdict, and have only to examine the action of the court on the instructions and believe that action, as before stated, to be correct.

The judgment is affirmed. All concur.